# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 26-CV-02216 (RER) (PCG)

_____

LYNDON BYRTHEN

VERSUS

NEW YORK UNIFIED COURT SYSTEM; JOSEPH A. ZAYAS; ADMINISTRATION FOR
CHILDREN'S SERVICES; AND MELISSA HESTER

_____

**MEMORANDUM & ORDER**

_____

**RAMÓN E. REYES, JR., District Judge:**

*Pro se* plaintiff Lyndon Byrthen ("Plaintiff" or "Byrthen") filed this civil action on April 15, 2026. (ECF No. 1 ("Compl.")). On May 8, 2026, the Court denied Plaintiff's requests for a temporary restraining order. (ECF No. 17). On May 11, 2026, Plaintiff filed a motion for reconsideration of the Court's May 8, 2026, Order, pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. (ECF No. 19 ("Mot.")). Defendants oppose. (ECF Nos. 22, 23). For the reasons discussed below, Plaintiff's motion for reconsideration is DENIED.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[1] *United States v.*

---

[1] The same standard applies whether reconsideration is determined under Local Rule 6.3, or Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *Kane v. New York State Unified Ct. Sys.*, No. 25-CV-3595 (RER) (MMH), 2025 WL 2645577, at *1 (E.D.N.Y. Sept. 15, 2025).

*Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citation omitted). The standard for granting a motion to reconsider is strict. Reconsideration will generally be denied unless the moving party can point to either controlling legal decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff has demonstrated neither.

Plaintiff argues that the Court failed to analyze the conditions outlined in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); namely, (1) whether he has had an opportunity to raise his federal claims in his ongoing family court proceeding; and (2) whether the bad faith, harassment, or extraordinary circumstances exceptions to *Younger* abstention apply. (Mot. at 3–5). "But these factors 'do not by themselves tell us whether the federal court should abstain.'" *Lysius v. New York City L. Dep't*, No. 21-CV-7001 (DG)(LB), 2023 WL 5961689, at *6 (E.D.N.Y. June 12, 2023), *adopted by* 2023 WL 5956785 (Sept. 13, 2023) (quoting *Cavanaugh v. Geballe*, 28 F.4th 428, 435 (2d Cir. 2022)). "Rather, the *Middlesex* factors are considerations that, while important, are subordinate to the threshold determination of whether a proceeding falls within one of the three 'exceptional circumstances' identified" in *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013). *Id.* (quoting *Cavanaugh*, 28 F.4th at 434–35).

"Family Court Act § 251 authorizes the Court to order 'any person within its jurisdiction to be examined by a physician, psychiatrist or psychologist appointed or designed for that purpose by the court when such an examination will serve the purposes of this act.'" *In re Luis*, 847 N.Y.S.2d 835, 838 n.3 (N.Y. Fam. Ct. 2007). Court Attorney Referee Lisa Aschkenasy of the Kings Family Court ordered Byrthen to complete a mental

2

health evaluation for the sole purpose of determining whether he is competent to waive counsel in his ongoing custody proceedings. (ECF No. 11-2 at 8–13). This Court made the threshold determination that it cannot interfere with, or restrain, such an order or further orders, which was issued "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc.*, 571 U.S. at 77–79. Therefore, the Court need not reach the *Middlesex* factors.[2]

The Court cannot grant Byrthen's motion for emergency injunctive relief. Accordingly, Byrthen's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to mail a copy of this Order to Byrthen and to note the mailing on the docket

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: May 27, 2026
        Brooklyn, New York

---

[2] The Court notes that the circumstances of this case fall within the third *Sprint* category— "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions"—while, in contrast, *Middlesex* arose from second *Sprint* category—"civil enforcement proceedings." *Sprint Commc'ns, Inc.*, 571 U.S. at 77–79.

3